UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE MARIE FORD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　　Defendant. | Case No.: 16cv13-JLS (NLS)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 13, 15, 17) |

  Presently before the Court are Plaintiff's Motion for Summary Judgment ("Pl.'s MSJ"), (ECF No. 13), Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's MSJ ("Def.'s MSJ"), (ECF No. 15), and Plaintiff's Reply and Response to Cross-Motion for Summary Judgment ("Reply"), (ECF No. 16). Also before the Court is the Administrative Record ("Admin. R.") relevant to these Motions. (ECF No. 10.) Magistrate Judge Nita L. Stormes issued a thorough Report and Recommendation on both parties' MSJs, ("R&R"), (ECF No. 17), in which she recommended granting Defendant's MSJ and denying Plaintiff's MSJ. Plaintiff timely filed objections to Judge Stormes's R&R ("R&R Obj."), (ECF No. 18). Defendant did not file a response. After considering the

/ / /

1

parties' arguments and the law, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Judge Stormes's R&R in its entirety.

## BACKGROUND

The R&R adequately details the administrative record in this case. (*See* R&R 2–7.) The Court incorporates the R&R's background discussion by reference, and notes relevant facts where necessary in assessing Plaintiff's objections.

## LEGAL STANDARD

**I. Objections to a Report and Recommendation**

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo <u>if objection is made</u>, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

**II. Judicial Review of Agency Action**

The Social Security Act provides for judicial review of a final agency decision denying a claim for disability benefits. 42 U.S.C. § 405(g). A reviewing court must affirm the denial of benefits if the agency's decision is supported by substantial evidence and applies the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is a term of art that means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). Put another way, it is "more than a

scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). If the evidence is susceptible to more than one reasonable interpretation, the agency's decision must be upheld. *Id.*; *Batson*, 359 F.3d at 1193.

## DISCUSSION

Defendant objects to Judge Stormes's R&R on two grounds: "(1) the R&R does not properly address the [Administrative Law Judge's ("ALJ")] failure to provide specific and legitimate reasons to discredit an examining psychologist's evaluation; and (2) the R&R does not properly address the ALJ's failure to provide clear and convincing reasons to discredit Ms. Ford's credibility." (R&R Obj. 2.) The Court addresses each objection in turn.

**I. Student Tiffani Wang, M.S.'s Evaluation**

Plaintiff's first objection in principle is that the ALJ did not adequately explain his reasons for accepting medical evaluations contrary to a nine-page report prepared by student Tiffani Wang, M.S. under the supervision of Dr. Stamatia Daroglou. (*Id.* at 2–4.) Specifically, Plaintiff argues that the ALJ both mischaracterized and used "boilerplate language" to discredit and summarize the report such that the ALJ failed to "meet[] the specific and legitimate standard for rejecting the examining psychologist's evaluation." (*Id.* at 3.)

Where an examining physician is contradicted by another physician, an ALJ must provide "specific and legitimate" reasons based on "substantial evidence" to reject an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830–31. The opinion of an examining physician alone can constitute "substantial evidence" because it rests on an independent examination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). This is in part because the "ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

In the present case, the ALJ expressly cited Ms. Wang's report, but "g[a]ve[] little weight to the statements that reported the claimant was unable to work . . . ." (Admin R.

19.) Specifically, the ALJ determined the "conclusion ha[d] no probative value" because it was "not supported by the objective medical evidence . . . discussed" earlier in the ALJ's opinion, and therefore merely articulated an ultimate determination "reserved to the Commissioner . . . ." (*Id.*) Plaintiff first attacks the ALJ's determination by arguing that the specific page the ALJ cited "does not contain a statement or conclusion that Ms. Ford is unable to work." (R&R Obj. 3.) However, on the page immediately following the ALJ-cited page Ms. Wang concluded that Plaintiff "likely will not be able to return to the workforce, and thus may need assistance with accessing social security services[,]" (*id.* at 427), a conclusion bolstered by the beginning of Ms. Wang's report where she noted that Plaintiff was referred to her because her Doctor "thinks that an assessment can help determine if [Plaintiff] is capable of going back to work," and that Plaintiff "disclosed an interest in accessing social security disability benefits[,]" (*id.* at 419). Viewed in this context, the Court cannot conclude that a one-page citation discrepancy constitutes reversible error on the part of the ALJ due to lack of specificity or legitimacy.

Plaintiff next argues that the ALJ did not discuss the entirety of Ms. Wang's report, instead focused on the conclusion that Plaintiff likely could not return to the workforce, and therefore did not adequately support his decision to value other reports over Ms. Wang's. However, the ALJ discussed in great detail many Adult Third Party Function Reports, many specific treatment notes, Plaintiff's own statements and earlier request to serve as her daughter's conservator, and the range of Plaintiff's Global Assessment of Function scores. (*Id.* at 15–19.) And only after such discussion did the ALJ determine that Ms. Wang's conclusion that Plaintiff likely could not return to the workforce—the exact conclusion for which Plaintiff was referred to Ms. Wang, (*id.* at 419)—was "not supported by the objective medical evidence as discussed above." (*Id.* at 19.)

As previously noted, the opinion of an examining physician alone can constitute "substantial evidence" because it rests on an independent examination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, the ALJ relied on objective medical evidence in the form of "the State agency medical consultants who found [Plaintiff] capable

of simple tasks[,]" (*id.* at 19), Dr. Glassman's examining conclusions that Plaintiff was "capable behaving in a socially appropriate manner and of getting along adequately with others; [and] [was] capable of understanding and following at least simple instructions," (*id.* at 18), and many other treatment notes concluding that Plaintiff "was doing better and sleeping better[,]" that Plaintiff's "mental status examination [findings] were normal[,]" that Plaintiff's "affect was appropriate and her memory was normal[,]" and that Plaintiff's "mental health issues were reported as controlled[,]" (*id.* at 18). This is adequate evidence to support a rational determination by the ALJ to give little weight to Ms. Wang's conclusion that Plaintiff likely could not return to the workforce. Accordingly, the Court **OVERRULES** Plaintiff's first Objection.

**II. The ALJ's Assessment of Plaintiff's Credibility**

Plaintiff's second objection is that the ALJ did not provide specific, clear, and convincing reasons to discredit Plaintiff's symptom testimony. (R&R Obj. 4–7.) Specifically, Plaintiff argues that the R&R "provid[es] a list of medical evidence that the ALJ cited in the decision, but not in the credibility analysis[,]" and that therefore the medical evidence is not "specific" enough insofar as the ALJ did not explicitly cite the evidence in his four paragraphs discussing the credibility of Plaintiff's testimony. (*See* R&R Obj. 5, 7; Admin. R. 15–16.)

In deciding whether to credit a claimant's testimony about subjective symptoms or limitations, the ALJ must engage in a two-step analysis. *Batson*, 359 F.3d at 1195; *Smolen v. Chater*, 80 F.3d 1273, 1281. Under the first step, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms. *Batson*, 359 F.3d at 1195; *Smolen*, 80 F.3d at 1281. If this test is satisfied, and there is no affirmative evidence that the claimant is malingering, then the ALJ must determine the credibility of the claimant's subjective complaints. At the second step, the ALJ may reject the claimant's testimony about the severity of symptoms as long as he gives specific, convincing reasons for doing so. *Batson*, 359 F.3d at 1195; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are

insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

In the present case, the ALJ specifically found Plaintiff's "allegations concerning the intensity, persistence and limiting effects of her symptoms[,]" and Plaintiff's "overall credibility" regarding her "testimony of a disabling condition[,]" to be less than fully credible. (Admin. R. 16.) This was because Plaintiff's testimony alleging severe limitations to her daily activity ran at least partly contrary to the "relatively benign medical evidence" presented, and Plaintiff's own reports that "she was able to attend clubhouse activities, do some household chores, watch television, drive, and go out alone." (*Id.*) Additionally, the ALJ noted that during the hearing Plaintiff "did not demonstrate or manifest any difficulty concentrating[,]" but was instead "able to remember past details" and "appeared to process . . . questions without difficulty, and to respond to the questions appropriately and without delay" all while "pa[ying] attention throughout the hearing." (*Id.*)

Plaintiff contends that these findings constitute merely "vague allegation[s]" by the ALJ regarding a lack of a credibility that are devoid of "any support from the case record," (R&R Obj. 5), but that simply is not so. The ALJ expressly tied his credibility assessment to Plaintiff's testimony regarding "the intensity, persistence and limiting effects of her symptoms," insofar as they established (or failed to establish) "a <u>disabling</u> condition . . . ." (Admin R. 16 (emphasis added).) And aside from the specific evidence the ALJ listed in the same paragraph—that Plaintiff "was able to attend clubhouse activities, do some household chores, watch television, drive, and go out alone[,]" (*id.* at 16)—the ALJ also referenced the "relatively benign medical evidence and other factors discussed in this decision[,]" (*id.*) which the ALJ then proceeded to catalog over the next three pages of the opinion, (*id.* at 17–19.) Even if this were an impermissible structuring of the ALJ's opinion such that he could not permissibly rely on the subsequently cataloged medical evidence to assess Plaintiff's credibility at the hearing, the ALJ also explicitly noted in the same credibility-assessing paragraph that Plaintiff's actions, responses, and manner at the hearing controverted her testimony.

In sum, the ALJ specifically and convincingly determined that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms—and the extent to which they created a qualifying "disabling" condition—should be discredited due to specific contrary testimony and evidence, as well as Plaintiff's own actions, responses, and manner at the hearing.[1]

## CONCLUSION

After conducting de novo review, the Court is satisfied that Judge Stormes's R&R is analytically sound. Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** Judge Stormes's R&R in its entirety. The ALJ's decision was supported by substantial evidence, and thus the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 1, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] It is also important to keep in mind that the ALJ was assessing Plaintiff's credibility in order facilitate his determination as to whether a sufficient impairment existed to award benefits, i.e., one that "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.1509. This goes directly to the "intensity, persistence and limiting effects of [Plaintiff's] symptoms . . . ." (Admin. R. 16.)